UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WESTON MCRAE, | Case No.  2:25-cv-2246-DC-JDP (PS) |
| Plaintiff, | |
| v. | ORDER; FINDINGS AND RECOMMENDATIONS |
| TRISHA HASHIRAMA, *et al.* | |
| Defendants. | |

Weston Mcrae ("plaintiff") brings this action against Judge Trisha Hashirama, a Placer County Superior Court judge, Placer County itself, Alexander Rich, a private attorney, and Carter Rich PC, a private law firm. ECF No. 1 at 5. His claims involve adverse rulings made by Judge Hashirama, alleged professional misconduct by defendant Rich and firm, and Placer County itself, which plaintiff alleges maintains policies that discriminate against *pro se* litigants. *Id.* at 6-7. These allegations do not implicate any federal claim, and I recommend that this action be dismissed without leave to amend. In so recommending, I will deny plaintiff's motion for electronic filing, ECF No. 3. Plaintiff may renew that motion if these recommendations are not adopted. I will also grant plaintiff's application to proceed *in forma pauperis*, ECF No. 2.

**Screening and Pleading Requirements**

A federal court must screen the complaint of any claimant seeking permission to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(e). The court must identify any cognizable claims and

1

1   dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon
2   which relief may be granted, or seeks monetary relief from a defendant who is immune from such
3   relief. *Id.*

4       A complaint must contain a short and plain statement that plaintiff is entitled to relief,
5   Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its
6   face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not
7   require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S.
8   662, 678 (2009). If the allegations "do not permit the court to infer more than the mere
9   possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not
10  identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024,
11  1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that
12  give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264
13  n.2 (9th Cir. 2006) (en banc) (citations omitted).

14      The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404
15  U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it
16  appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which
17  would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017).
18  However, "'a liberal interpretation of a civil rights complaint may not supply essential elements
19  of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251,
20  1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

21      **Analysis**

22      Plaintiff's complaint centers on the alleged disparate treatment of pro se litigants, like
23  himself, in Placer County Superior Court and, in particular, before Judge Hashirama. ECF No. 1
24  at 7. These allegations do not implicate a federal claim. As an initial matter, Judge Hashirama is
25  entitled to judicial immunity from suit, because plaintiff's claims challenge actions taken in her
26  judicial capacity. *See Briscoe v. Lahue*, 460 U.S. 325, 334 (1983) ("We have held that state
27  judges are absolutely immune from liability for their judicial acts . . . ."). And Alexander Rich
28  and the Rich law firm are also non-viable section 1983 defendants insofar as they are not state

1 actors. *See Simmons v. Sacramento County Superior Court*, 318 F.3d 1156, 1161 (9th Cir. 2003)
2 ("Plaintiff cannot sue Mirante's counsel under § 1983, because he is a lawyer in private practice
3 who was not acting under color of state law.").[1]  And plaintiff's claims against Rich, that he
4 committed professional misconduct, are more appropriately addressed by the California state bar
5 or the state court in which he engaged in the alleged misconduct.  Finally, plaintiff's allegations
6 against Placer County, that it has "maintained systematic policies and customs discriminating
7 against pro se litigants," ECF No. 1 at 7, are too vague to be a cognizable claim.  Moreover, this
8 claim is effectively brought against the Placer County Superior Court, because it controls what
9 policies and customs apply to pro se litigants in the county, which is a non-viable defendant in a
10 section 1983 action.  *See Greater Los Angeles Council on Deafness v. Zolin*, 812 F.2d 1103, 1110
11 (9th Cir. 1987) ("We conclude that a suit against the Superior Court is a suit against the State,
12 barred by the eleventh amendment.").  To the that extent plaintiff seeks to raise any state court
13 claims against any defendant, those claims should be brought in state court.

14 Based on the foregoing, I conclude that this action should be dismissed without leave to
15 amend, because amendment would be futile.  The defendants named by plaintiff and the type of
16 claims he seeks to bring are simply not amenable to a section 1983 suit.  *See DCD Programs, Ltd.*
17 *v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987) (futility of amendment is reason to deny leave to
18 amend).

19 Accordingly, it is ORDERED that:

20 1.  Plaintiff's application to proceed *in forma pauperis*, ECF No. 2, is GRANTED.

21 2.  Plaintiff's motion for electronic filing, ECF No. 3, is DENIED.

22 Further, it is RECOMMENDED that plaintiff's complaint, ECF No. 1, be DISMISSED
23 without leave to amend for failure to state a cognizable claim.

24 These findings and recommendations are submitted to the United States District Judge
25 assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days of

---

[1] Any claim against Rocky Top Rentals, LLC, to the extent it is named as a defendant and implicated in wrongdoing, is also non-viable, because it is a private corporation and there is no substantive allegation that it is a state actor.

1  service of these findings and recommendations, any party may file written objections with the
2  court and serve a copy on all parties.  Any such document should be captioned "Objections to
3  Magistrate Judge's Findings and Recommendations," and any response shall be served and filed
4  within fourteen days of service of the objections.  The parties are advised that failure to file
5  objections within the specified time may waive the right to appeal the District Court's order.  *See*
6  *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir.
7  1991).

IT IS SO ORDERED.

Dated:    December 19, 2025

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE